```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X
                                       :
UNITED STATES OF AMERICA               :
                                       :
        - v. -                         :
                                       :
YOSEF COHEN,                           :     SEALED INDICTMENT
    a/k/a "Joe,"                       :
VAGUE SHAGENOVICH TERGALSTANYAN,       :     21 Cr.
    a/k/a "Vahe,"                      :
    a/k/a "Vic," and                   :
IGAL BEN HANAN,                        :     21 CRIM 444
                                       :
        Defendants.                    :
                                       :
- - - - - - - - - - - - - - - - - - - X
```

## COUNT ONE
### (Money Laundering Conspiracy)

The Grand Jury charges:

### OVERVIEW

1.  From at least in or about 2018 up to and including on or about July 8, 2021, YOSEF COHEN, a/k/a "Joe," VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe," a/k/a "Vic," and IGAL BEN HANAN, the defendants, and others known and unknown, worked on behalf of organized criminal enterprises operating in several countries around the world. In recorded conversations with undercover law enforcement officers (the "UCs") who represented themselves to be members of an international organized criminal enterprise that distributed narcotics and laundered money, the defendants planned money laundering transactions of narcotics proceeds and discussed moving tens of millions of dollars of

illicit money on behalf of international criminal organizations. The defendants conspired to execute, and did execute, money laundering transactions with the UCs and others known and unknown.

2.   On several occasions, YOSEF COHEN, a/k/a "Joe," VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe," a/k/a "Vic," and IGAL BEN HANAN, the defendants, arranged for the UCs to pick up narcotics proceeds, in cash, from locations in the United States and then deliver the cash to the defendants, minus a percentage-based fee paid to the UCs for laundering the proceeds. For example, as arranged by the defendants, the UCs picked up approximately $208,000 of cash in Medford, New York, and delivered the cash, minus an arranged fee, to TERGALSTANYAN in California. In addition to discussing money laundering transactions with a UC who was in Manhattan, New York, TERGALSTANYAN later proposed that the UCs pick up and launder one to two million dollars of marijuana proceeds in cash every week in Manhattan.

3.   In another scheme, for example, YOSEF COHEN, a/k/a "Joe," VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe," a/k/a "Vic," and IGAL BEN HANAN, the defendants, conspired to fraudulently obtain a business visa for BEN HANAN so that BEN HANAN could move to the United States. In order for BEN HANAN to obtain a business visa, BEN HANAN's purported business needed

funds on deposit that appeared to be legitimate investments. COHEN proposed that the UCs provide COHEN with $150,000 in cash, and COHEN would use COHEN's purported businesses to provide funds to BEN HANAN's purported business. The UCs provided the cash to COHEN, which was represented to be narcotics proceeds that had not yet been laundered. Subsequent wire transfers sent by the defendants to the UCs as repayment were falsely described by the defendants as accounting for a particular month or time period, so as to appear like legitimate business transactions.

### STATUTORY ALLEGATIONS

4.   From at least in or about 2018 up to and including on or about July 8, 2021, in the Southern District of New York and elsewhere, YOSEF COHEN, a/k/a "Joe," VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe," a/k/a "Vic," and IGAL BEN HANAN, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(3)(B).

5.   It was a part and an object of the conspiracy that YOSEF COHEN, a/k/a "Joe," VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe," a/k/a "Vic," and IGAL BEN HANAN, the defendants, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some

form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, narcotics trafficking in violation of Title 21, United States Code, Sections 841 and 846, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

6. It was further a part and an object of the conspiracy that YOSEF COHEN, a/k/a "Joe," VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe," a/k/a "Vic," and IGAL BEN HANAN, the defendants, and others known and unknown, would and did conduct and attempt to conduct a financial transaction involving property represented at the direction of, and with the approval of, a Federal law enforcement officer authorized to investigate and prosecute violations of Title 18, United States Code, Section 1956, to be the proceeds of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846, with the intent to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of said specified unlawful

activity, in violation of Title 18, United States Code, Section 1956(a)(3)(B).

(Title 18, United States Code, Section 1956(h).)

## FORFEITURE ALLEGATION

7. As a result of committing the offense alleged in Count One of this Indictment, YOSEF COHEN, a/k/a "Joe," VAGUE SHAGENOVICH TERGALSTANYAN, a/k/a "Vahe," a/k/a "Vic," and IGAL BEN HANAN, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

>(Title 18, United States Code, Section 982;
>Title 21, United States Code, Section 853; and
>Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

YOSEF COHEN,
a/k/a "Joe,"
VAGUE SHAGENOVICH TERGALSTANYAN,
a/k/a "Vahe," a/k/a "Vic," and
IGAL BEN HANAN,

Defendants.

---

SEALED INDICTMENT

21 Cr.

(18 U.S.C. § 1956(h).)

---

AUDREY STRAUSS
United States Attorney

*[signature]*
Foreperson

7/8/21 FILED INDICTMT. WARRANTS ISSUED
COPY USMJ