UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America

v.

YOSEF COHEN,
   a/k/a "Joe,"
VAGUE SHAGENOVICH TERGALSTANYAN,
   a/k/a "Vahe,"
   a/k/a "Vic," and
IGAL BEN HANAN,

               *Defendants.*

**Protective Order 21 Cr. 444 (LTS)**

---

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Rule 16 of the Federal Rules of Criminal Procedure, the Court hereby finds and orders as follows:

1. **Sensitive Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Rule 16 of the Federal Rules of Criminal Procedure; Title 18, United States Code, Section 3500; and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." Certain of the Government's disclosure material, referred to herein as "Sensitive Material," includes information that (i) affects the privacy and confidentiality of individuals and entities; (ii) impacts the safety of individuals; (iii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iv) would risk prejudicial pretrial publicity if publicly disseminated; and (v) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Disclosure material produced by the Government to the defendants or their counsel that are marked as "Sensitive" shall be deemed Sensitive Material.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Disclosure material designated as Sensitive Material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this case. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

3. Sensitive Material may be disclosed by the defense to:

   (a) Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   (b) Prospective witnesses for purposes of defending this action;

   (c) The defendants; and

   (d) Such other persons as hereafter may be authorized by the Court.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. The defense shall provide a copy of this Order to any individual or entity to whom the defense discloses Sensitive Material in accordance with the provisions of this Order. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Sensitive Material has been disclosed to which such persons.

6. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this case, or to any judge or magistrate judge, for purposes of this case. All filings

should comply with the privacy protection provisions of Rule 49.1 of the Federal Rules of Criminal Procedure.

7. At any time, the defense may seek leave from the Government to alter the designations for materials designated as Sensitive Material ("Requested Material"). The Government will promptly review such Requested Material and (i) consent to the requested designation alteration or sharing of the material; or (ii) provide the defense with an explanation as to why the Requested Material cannot be designated or shared in the manner requested, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

8. Except for Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all such material within 30 days of the expiration of the period for direct appeal from any verdict in this case; the period of direct appeal from any order dismissing any of the charges in this case; or the granting of any motion made on behalf of the Government dismissing any charges in this case; or the expiration of the period in which habeas relief may be sought, whichever date is later. If Sensitive Material is provided to any prospective witness, counsel shall make reasonable efforts to seek the return or destruction of such materials.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

### Retention of Jurisdiction

10. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____   Date: __August 3, 2021_____
Micah Fergenson
Assistant United States Attorney


_____   Date: _____
Anthony Solis, Esq.
Counsel for Yosef Cohen


_____   Date: _____
Bradley Simon, Esq.
Counsel for Yosef Cohen


_____   Date: _____
Ray Perini, Esq.
Counsel for Vague Tergalstanyan


_____   Date: _____
Tiffany Feder, Esq.
Counsel for Vague Tergalstanyan


_____   Date: __8.5.2021_____
Jeffrey Pittell, Esq.
Counsel for Igal Ben Hanan

SO ORDERED:

Dated: New York, New York
       August ___, 2021

                                          _____
                                          HONORABLE LAURA TAYLOR SWAIN
                                          UNITED STATES DISTRICT JUDGE
                                          SOUTHERN DISTRICT OF NEW YORK

## Retention of Jurisdiction

10. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____ Date: __August 3, 2021__
   Micah Fergenson
   Assistant United States Attorney

_____ Date: _____
Anthony Solis, Esq.
Counsel for Yosef Cohen

_____ Date: _____
Bradley Simon, Esq.
Counsel for Yosef Cohen

_____ Date: _____
Ray Perini, Esq.
Counsel for Vague Tergalstanyan

_____ Date: __08/07/2021__
Tiffany Feder, Esq.
Counsel for Vague Tergalstanyan

_____ Date: _____
Jeffrey Pittell, Esq.
Counsel for Igal Ben Hanan

SO ORDERED:

Dated: New York, New York
       August ___, 2021

_____
HONORABLE LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

4

## Retention of Jurisdiction

10. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____   Date: _August 3, 2021_____
    Micah Fergenson
    Assistant United States Attorney

_____   Date: _____
Anthony Solis, Esq.
Counsel for Yosef Cohen

_____   Date: _____
Bradley Simon, Esq.
Counsel for Yosef Cohen

_____   Date: _____
Ray Perini, Esq.
Counsel for Vague Tergalstanyan

_____   Date: _____
Tiffany Feder, Esq.
Counsel for Vague Tergalstanyan

_____   Date: _____
Jeffrey Pittell, Esq.
Counsel for Igal Ben Hanan

SO ORDERED:

Dated: New York, New York
      August ___, 2021

                                        _____
                                        HONORABLE LAURA TAYLOR SWAIN
                                        UNITED STATES DISTRICT JUDGE
                                        SOUTHERN DISTRICT OF NEW YORK

4

**Retention of Jurisdiction**

10. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____        Date: _August 3, 2021_____
    Micah Fergenson
    Assistant United States Attorney

_____              Date: _____
Anthony Solis, Esq.
Counsel for Yosef Cohen

_____              Date: _8/9/2021_____
Bradley Simon, Esq.
Counsel for Yosef Cohen

_____              Date: _____
Ray Perini, Esq.
Counsel for Vague Tergalstanyan

_____              Date: _____
Tiffany Feder, Esq.
Counsel for Vague Tergalstanyan

_____              Date: _____
Jeffrey Pittell, Esq.
Counsel for Igal Ben Hanan

SO ORDERED:

Dated: New York, New York
       August ___, 2021

                                          HONORABLE LAURA TAYLOR SWAIN
                                          UNITED STATES DISTRICT JUDGE
                                          SOUTHERN DISTRICT OF NEW YORK

### Retention of Jurisdiction

10. The provisions of this Order shall not terminate at the conclusion of this case and the Court shall retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

by: ___/s/_____     Date: __August 3, 2021_____
    Micah Fergenson
    Assistant United States Attorney

_____     Date: __8-3-21_____
Anthony Solis, Esq.
Counsel for Yosef Cohen

_____     Date: _____
Bradley Simon, Esq.
Counsel for Yosef Cohen

_____     Date: _____
Ray Perini, Esq.
Counsel for Vague Tergalstanyan

_____     Date: _____
Tiffany Feder, Esq.
Counsel for Vague Tergalstanyan

_____     Date: _____
Jeffrey Pittell, Esq.
Counsel for Igal Ben Hanan

SO ORDERED:

Dated: New York, New York
    August _10_, 2021

                                           __/s/ Laura Taylor Swain_____
                                             HONORABLE LAURA TAYLOR SWAIN
                                             UNITED STATES DISTRICT JUDGE
                                             SOUTHERN DISTRICT OF NEW YORK