UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     -v-

YOSEF COHEN,

21-cr-444-1 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

In December 2022, defendant Yosef Cohen pleaded guilty to one count of money laundering conspiracy. On June 23, 2023, this Court sentenced Mr. Cohen to 72 months' imprisonment to be followed by three years' supervised release. The Court is now in receipt of Mr. Cohen's motion for compassionate release and for relief under 28 U.S.C. § 2255, dated September 2, 2025, as well as the Government's response, Mr. Cohen's reply, and the Government's further sur-reply.

Mr. Cohen asks the Court to afford him habeas relief under § 2255, arguing that his attorney was constitutionally ineffective and that he is entitled to a "Franks" hearing related to alleged due process violations in connection with his sentencing. Alternatively, Mr. Cohen asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582 based on what he says are extraordinary and compelling reasons, namely, his medical condition and evidence of rehabilitation.

For the reasons set forth below, the Court finds both requests to be without merit and, accordingly, denies the motion.

1

I.    § 2255 Motion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a motion under 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Mr. Cohen's conviction became final on July 13, 2023, fifteen days after the judgment was docketed. See Fed. R. App. P 4(b); United States v. Camacho, 370 F.3d 303, 306 (2d Cir. 2004). Because the instant motion was not filed until September 2025 -- over two years after Mr. Cohen's conviction became final -- it was filed well outside the limitations period and, accordingly, is untimely.

Although late filing may be excused if the petitioner demonstrates an entitlement to equitable tolling, equitable tolling "applies only in rare and exceptional circumstances." Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000). The petitioner must demonstrate that "he has been pursuing his rights diligently" and that "some extraordinary circumstances stood in his way and prevented timely filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Satisfying this standard requires demonstrating "a causal relationship between the extraordinary circumstances . . . and the lateness of [petitioner's] filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde, 224 F.3d at 134.

Mr. Cohen argues that he is entitled to equitable tolling because his late filing "stemmed from uncontrollable life circumstances, not negligence or oversight." Pet.'s Reply at 5, 8-9. In support, he refers to certain medical conditions and treatments that he received while incarcerated. Id. However, even assuming that the "after-effects of the Coronavirus" and the medical treatments that Mr. Cohen underwent while incarcerated constitute "extraordinary circumstances," Mr. Cohen does not explain how those conditions prevented him from filing his petition at any point prior to September 2025 or how he exercised "reasonable diligence" notwithstanding those impediments. Accordingly, the Court concludes that Mr. Cohen has not demonstrated an entitlement to equitable tolling and that his petition therefore must be denied.[1]

---

[1] Although the untimeliness of the motion is a sufficient ground to deny it, to the extent that Mr. Cohen raises due process claims in connection with his request for a Franks hearing, the Court notes that Mr. Cohen waived his right to collaterally attack his sentence in his plea agreement, see Ex. A at 4, Gov't Opp., ECF No. 109, and, moreover, failed to raise these issues on direct appeal, see Bousley v. United States, 523 U.S. 614, 621 (1998) (procedural default). In his motion, Mr. Cohen does attack both the voluntariness of his plea and his counsel's performance, citing to alleged medical and cognitive impairments he was suffering at the time he pleaded guilty. The Court, however, inquired as to Mr. Cohen's competency at the change-of-plea hearing, assuring itself that Mr. Cohen entered a guilty plea "fully aware of the direct consequences" and not "induced by threats," "misrepresentation," or improper promises. Brady v. United Sates, 397 U.S. 742, 755 (1970); see also Godinez v. Moran, 509 U.S. 389, 396-97 (1993) (the standard for mental competency at a plea of guilty looks to whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him"). Mr. Cohen does not cite to any circumstances that raise serious doubts about his understanding of the charges against him, nor any that demonstrate that his counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984).

## II.  Compassionate Release Motion

Mr. Cohen also seeks relief under 18 U.S.C. § 3582, arguing that "extraordinary and compelling reasons" warrant a reduction in the length of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant bears the burden of showing an entitlement to compassionate release. United States v. Jones, 17 F.4th 371, 375 (2d Cir. 2021).

Mr. Cohen argues that his current medical condition, paired with evidence of his rehabilitation, supplies such a reason. He cites to certain medical problems for which, he contends, the Bureau of Prisons has not provided meaningful treatment. Pet.'s Reply at 9-10; see also Mot. at 25. However, Mr. Cohen's medical records refute this claim, as they indicate that the medical conditions he discusses in his motion have been addressed and, indeed, have since been resolved. See Gov't Sur-Reply at 2, ECF No. 111; Ex. B at 38-43, 71. Accordingly, Mr. Cohen has not demonstrated that "extraordinary and compelling reasons" warrant the sentence reduction he seeks.

## III. Conclusion

For the foregoing reasons, Mr. Cohen's motion for relief under either 28 U.S.C. § 2255 or 18 U.S.C. § 3582 is hereby denied.

SO ORDERED.

New York, NY
January 14, 2026

JED S. RAKOFF, U.S.D.J.

4