UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 21-cr-444-1 (JSR) |
| -v- | ORDER |
| YOSEF COHEN, | |
| Defendant. | |

JED S. RAKOFF, U.S.D.J.:

On January 14, 2026, the Court denied a motion from defendant Yosef Cohen seeking habeas relief under 28 U.S.C. § 2255 and a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See Order, ECF No. 112. Defendant has now filed two further motions with the Court. See ECF Nos. 114, 115. The motions seek reconsideration of the Court's January 14, 2026, Order, and ask the Court to issue a certificate of appealability ("COA") with respect to the portion of the Order denying his request for § 2255 relief.[1] See 28 U.S.C. § 2253 (requiring a certificate of appealability to permit appellate review of a final order in a § 2255 proceeding). The Court takes up these requests in turn.

First, in support of his motion for reconsideration, Cohen contends that materials he submitted to the Court do not appear on the docket and therefore were not considered by the Court in evaluating

_____

[1] Because the motion for reconsideration includes, as an exhibit, the same materials that were previously docketed under seal, the Court, has docketed the defendant's motion for reconsideration under seal as well. See ECF No. 115.

1

the original motion. See Mtn. at 3-4, ECF No. 115. He argues that these submissions, which address his medical condition and care, demonstrate his entitlement to compassionate release and excuse his failure to timely file his motion for post-conviction relief. Id. at 3, 5.

The materials Cohen references were timely received and considered by the Court. As with Cohen's original motion, his reply was filed under seal, given the inclusion of information regarding his medical condition and Cohen's earlier request for sealing. See ECF No. 113; see also Order, ECF No. 107 (noting that Cohen's motion would be filed under seal "[a]t defendant's request"). Those materials nonetheless received the Court's full consideration. As noted in the Court's January 14, 2026, Order, the additional medical records submitted by the Government refuted Cohen's claim that his medical condition has not been meaningfully addressed by the Bureau of Prisons. See Order at 4, ECF No. 112. As to Cohen's request for equitable tolling, as the Court explained in its January 14, 2026, Order, Cohen has not explained how the medical conditions and treatments that his motion cites prevented him from filing his petition at any point prior to September 2025 or how he exercised reasonable diligence notwithstanding those impediments. See id. Accordingly, the motion for reconsideration is denied.

Because Cohen has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), his request for a COA is also denied.

SO ORDERED.

New York, NY
February 28, 2026

_____
JED S. RAKOFF, U.S.D.J.

3